UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  2:19-cv-05848-VAP-MAA                                      Date:  August 6, 2019

Title:  Angeles-Moctezuma v. Martinez

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Chris Silva  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

|  Attorneys Present for Plaintiff:  |  Attorneys Present for Defendants:  |
|---|---|
|  N/A  |  N/A  |

**Proceedings (In Chambers):**    Order to Show Cause Why the First Amended Petition Should Not Be Recharacterized as a Section 2255 Motion

On July 1, 2019, Petitioner Israel Angeles-Moctezuma, an inmate in federal custody, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). ("Petition," ECF No. 1.) On July 23, 2019, Petitioner constructively filed a First Amended Petition. ("FAP," ECF No. 4.) The Court *sua sponte* examines whether this United States District Court for the Central District of California has jurisdiction to entertain the FAP. For the reasons discussed below, the Court directs Petitioner to explain why the FAP should not be characterized as a motion pursuant to 28 U.S.C. § 2255 ("Section 2255") and dismissed for lack of jurisdiction.

Petitioner, an inmate incarcerated in the United States Penitentiary in Lompoc, California, challenges a sentence he sustained in the United States District Court for the Eastern District of Missouri in 2018. (FAP 2.) In the underlying criminal case, Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute actual methamphetamine, and was sentenced to a term of 360 months in federal custody. (*Id.*; *see also id.* at 14-19 (criminal judgment).) The Eighth Circuit Court of Appeals affirmed the judgment on appeal. (*Id.* at 2-3.) Petitioner indicates that he never filed any other applications, petitions, or motions with respect to the conviction. (*Id.* at 4.) The FAP alleges two grounds for relief: (1) "House Joint Resolution 648 was never constitutionally enacted as substantive law to authorize repealment of law, nor to authorize sentencing"; and (2) "House Joint Resolution 648 had ceased from being enforceable upon its expiration." (*Id.* at 3.)

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to [28 U.S.C. § 2241] or [28 U.S.C. § 2255] before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while

petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864-65. Section 2255 generally "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). There is one notable exception to this general rule: pursuant to Section 2255(e), often referred to as the "escape hatch" or "savings clause," a petitioner may challenge the legality of his sentence in a Section 2241 petition in the custodial court if "his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez*, 204 F.3d at 865 (quoting 28 U.S.C. § 2255(e)); *see also Lorentsen*, 223 F.3d at 953 (referring to Section 2255(e) as an "escape hatch"). A petitioner may utilize the savings clause if (1) the petitioner presents a claim of actual innocence, and (2) the petitioner has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

       Here, Petitioner states that the FAP challenges "the execution of a sentence that was imposed under an unconstitutional and expired law," and he maintains that "[t]his is not a challenge to the validity or legality of the conviction." (FAP 5.) Petitioner contests the legality of his sentence by challenging the constitutionality and legality of the acts pursuant to which he was sentenced and the subject-matter jurisdiction of the sentencing court to impose the sentence. (*See* FAP 6-7.) Petitioner seeks "immediate release, and vacation of the illegal sentence." (FAP 11-12.) Generally, Section 2255 is the instrument for such challenges—not Section 2241. *See* 28 U.S.C. § 2255(a) (providing means by which a prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [sentencing] court was without jurisdiction to impose such sentence"); *Marrero*, 682 F.3d at 1192 ("A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so."); *see also* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [Section 2255 motion] shall not be entertained . . . ."). Petitioner's claims challenge validity of his sentence, not the manner, location, or conditions of the execution of his sentence. *See Hernandez*, 204 F.3d at 864-65. Accordingly, unless the savings clause applies, a petition for writ of habeas corpus pursuant to Section 2241 is not the proper vehicle for the claims Petitioner seeks to prosecute.

       Petitioner does not invoke the savings clause, nor does his FAP include allegations from which the Court may infer that he meets the savings clause: Petitioner does not argue that his Section 2255 remedies are inadequate or ineffective, Petitioner does not bring a claim of actual innocence, and nothing indicates that Petitioner has not had an unobstructed procedural shot at

presenting such an actual innocence claim. Therefore, the FAP apparently cannot utilize the savings clause to bring a Section 2241 action in this district. *Cf. Chandler v. Quintana*, No. CV 10-193-CAS (AGR), 2010 U.S. Dist. LEXIS 85830, at *6-9, 2010 WL 3294281, at *2-3 (C.D. Cal. July 14, 2010) (rejecting claim that sentencing court lacked subject-matter jurisdiction because petitioner could not establish the custodial court had jurisdiction pursuant to Section 2241), *adopted*, 2010 U.S. Dist. LEXIS 85815, 2010 WL 3294279 (C.D. Cal. Aug. 13, 2010) (dismissing petition without prejudice for lack of jurisdiction).

Accordingly, it appears the FAP must be recharacterized as a Section 2255 motion. Pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), and *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000), the Court hereby advises Petitioner of the following:

- Only the sentencing court has jurisdiction over a Section 2255 motion. *See Hernandez*, 204 F.3d at 865. The Court that sentenced Petitioner is the United States District Court for the Eastern District of Missouri. Consequently, should this Court recharacterize the action as one brought pursuant to Section 2255, the Court must either dismiss the action for lack of jurisdiction or transfer the action pursuant to 28 U.S.C. § 1361.

- As a general rule, a petitioner must bring all arguments he intends to assert in his initial Section 2255 motion; if he does not, he risks having later arguments barred as successive. *See Castro*, 540 U.S. at 383. The Antiterrorism and Effective Death Penalty Act strictly limits the opportunity to file successive motions under Section 2255. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h) (second or successive motions may be certified and permitted only if based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). The FAP states that Petitioner has not brought a Section 2255 motion in any federal court. (*See* FAP 4.) If Petitioner is mistaken in this representation and actually has filed a Section 2255 motion in the past, then recharacterization may subject this action to the restrictions on "second or successive" motions. Moreover, any Section 2255 motion filed after this action may be subject to these restrictions. In short, recharacterization of the FAP as a Section 2255 motion may result in dismissal of this action or any subsequent Section 2255 motion as second or successive. Moreover, in lieu of or prior to recharacterization, Petitioner may wish to withdraw or amend the FAP to contain all the Section 2255 claims he believes he has.

- Section 2255 motions are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  Although this action appears to have been filed within the one-year limitations period, the Court reserves judgment regarding the issue of timeliness.  Further, Petitioner's withdrawal of this action or endeavors to seek relief in the sentencing court in an untimely manner may result in dismissal of any subsequent or refiled action as time-barred.

In light of these advisements, Petitioner is **ORDERED TO SHOW CAUSE** why the FAP should not be recharacterized as a motion pursuant to Section 2255 and dismissed for lack of jurisdiction.  Petitioner shall file a written response to this Order no later than **September 5, 2019**.  Petitioner may elect from the following four options:

(1) Notice of Dismissal.  If Petitioner wishes to withdraw his FAP, he may dismiss this action without prejudice voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(1).  Petitioner may choose this option if he intends to file a Section 2255 motion in the sentencing court, the United States District Court for the Eastern District of Missouri.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) Amended Pleading.  If Petitioner consents to recharacterization of the case as a motion pursuant to Section 2255 and seeks to add additional claims for collateral relief, he may file a motion pursuant to Section 2255, which would replace the FAP as Petitioner's operative pleading.  He also may address any other issues raised herein pertaining to this recharacterization, including whether the action should be (a) dismissed for lack of jurisdiction, or (b) transferred to the Eastern District of Missouri.

(3) Consent to Recharacterization.  If Petitioner consents to the recharacterization of the case as a motion pursuant to Section 2255 and seeks to proceed on the two grounds for relief as asserted in the FAP, he may file a written notice of consent to recharacterization.  He also may address any other issues raised herein pertaining to this recharacterization, including whether the action should be (a) dismissed for lack of jurisdiction, or (b) transferred to the Eastern District of Missouri.

(4) Response to Order to Show Cause.  If Petitioner contends that his case is, in fact, a petition properly filed pursuant to Section 2241—either because it challenges the manner, location, or conditions of the execution of his sentence or because it is subject to the savings

clause of Section 2255(e)—he should explain this clearly in a written response to this Order to Show Cause.  Petitioner may address whether the Court has jurisdiction to entertain the FAP, whether the action is a second or successive Section 2255 motion, and whether the action is time-barred.  Petitioner should attach copies of any documents that support his position. (Petitioner's written response also may include a notice that, should the Court disagree with his position and recommend recharacterization, he selects one of the other three options in the alternative.)

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the case be summarily dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for lack of jurisdiction pursuant to 28 U.S.C. § 2255.**

It is so ordered.

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

**Time in Court:**    0:00
**Initials of Preparer:**    CSI